IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Aquarius Keith, | ) | C/A No.: 1:13-1131-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Larry Cartledge; Florence Mauney; | ) | |
| Major Early; Rhonda Abston; Captain | ) | |
| Degeorgis; Sergeant Eich; William R. | ) | |
| Byars Jr.; Jon Ozmint; and Ms. Harris, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Trovon Aquarius Keith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by Larry Cartledge, Florence Mauney, Major Early, Rhonda Abston, Captain Degeorgis, Sergeant Eich, William R. Byars Jr., Jon Ozmint, and Ms. Harris (collectively "Defendants") while incarcerated at Perry Correctional Institution ("PCI"). Defendants are all current or former employees of the South Carolina Department of Corrections ("SCDC"). This matter comes before the court on the following motions filed by Plaintiff: (1) motions to be transferred [Entry #19, #56]; (2) motions for an order requiring PCI employees to take medical exams [Entry #38, #40]; (3) motion regarding prescription medicine [Entry #45]; (4) motion for a preliminary injunction related to legal materials [Entry #52]; and (5) motions for default judgment against Harris [Entry #42] and Ozmint [Entry #49].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions request injunctive relief or that defendants be held in default, they are dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I.    Discussion

     A.    Motions for Preliminary Injunction

          1.    Preliminary Injunction Standard

The court may only grant injunctive relief, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Fed. Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating

2

showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

## 2.    Motions to be transferred

In his motions for preliminary injunctions filed June 17, 2013 [Entry #19] and August 29, 2013 [Entry #56], Plaintiff claims that PCI employees[3] have retaliated against him because of his lawsuit. He alleges that he does not receive enough legal supplies [Entry #19 at 1–2] and that PCI employees improperly read his legal materials when he takes a shower [Entry #19 at 2; Entry #56 at 1]. Plaintiff also claims Defendants have poisoned his food and that he receives inadequate mental health care. [Entry #19 at 1–2]. He seeks to be transferred to a healthier environment. [Entry #19 at 3; Entry #56 at 2].

---

the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* court expressly rejected and overruled the *Blackwelder* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21–22.

[3] Many of the allegations in Plaintiff's motions reference PCI employees who are not parties to this case. *See, e.g.* Entry #38, #40, #45, #52, #56. Plaintiff appears to be arguing that these employees acted in retaliation for the lawsuits he filed against their coworkers.

First, Plaintiff has not demonstrated a clear likelihood of success on the merits. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n. 1 (4th Cir. 1984).

Next, Plaintiff has also failed to make a clear showing that he will suffer irreparable harm if he is not transferred. Although Plaintiff claims that he fears he will miss a court deadline, he has not alleged that he has thus far missed a deadline and he has submitted frequent motions and supplemental documents to this court. Although Plaintiff states in his supplemental documents that he fears he will be assaulted by Defendants, Plaintiff has not demonstrated an imminent threat to his safety. *See* Entry #25, #27.

Further, Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

Finally, Plaintiff has not shown that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions regarding prison assignments where the record contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motions to be transferred [Entry #19, #56] be denied.

3.    Motions for order requiring PCI employees to take medical exams

Plaintiff filed two motions collectively requesting that the court order 28 PCI employees, many of whom are not defendants in this action, to submit to physical and mental evaluations and blood tests. [Entry #38, #40]. Plaintiff claims that these employees have assaulted mentally ill patients and have poisoned their food. Additionally, he alleges that at least one of these employees displays signs of alcohol and drug use at work. [Entry #38 at 1–2].

Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff has not provided any evidence for the claims of assault by these employees and does not allege that they have assaulted him. Additionally, most of the employees he requests be examined are not parties to this lawsuit and the court does not have jurisdiction over them. Plaintiff has also failed to show irreparable harm, as he has not alleged that the employees have harmed him in any way. Plaintiff's general allegations of harm to mentally ill prisoners housed in the Special Management Unit are conclusory and insufficient to demonstrate irreparable harm for the purposes of his preliminary injunction motion.

5

The balance of equities does not tip in Plaintiff's favor, as forcing prison employees to submit to medical examinations and blood tests based on a prisoner's conclusory allegations of mistreatment is not the role of the courts. Finally, Plaintiff has not shown that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by allowing prisoners to dictate when medical evaluations for correctional officers are necessary. The undersigned recommends that Plaintiff's motions requiring medical examinations and blood tests for 28 PCI employees [Entry #38, 40] be denied.

### 4. Motion regarding prescription medicine

In his motion for a preliminary injunction filed August 12, 2013, Plaintiff appears to request the court order he be given 300mg of Neurontin medication, though Plaintiff never specifies the relief requested. [Entry #45]. Plaintiff requests that the preliminary injunction be issued against Nurse Amy Enloe, who is not a party to this case. *Id*. In his motion, Plaintiff also alleges he was assaulted by PCI employees who are not parties to this case. *Id*. at 2.

Plaintiff has not demonstrated a likelihood of success on the merits, as he seeks a preliminary injunction against non-parties. Additionally, save for his conclusory allegations, Plaintiff has not provided any evidence that he will be irreparably harmed absent relief. In fact, Plaintiff has not specified what relief he requests. Plaintiff has also failed to show the equities tip in his favor or that the public interest will be best served by granting his motion, as he seeks an unspecified injunction against parties who are not

6

before the court. The undersigned recommends Plaintiff's motion for a preliminary injunction [Entry #45] be denied.

5.    Motion for a preliminary injunction regarding legal materials

Plaintiff also filed a motion for a preliminary injunction requesting more legal materials and that he be allowed to receive materials printed off the internet. [Entry #52]. Plaintiff has not shown that he is likely to succeed on the merits, as Plaintiff admits in his motion that he receives an allotted amount of legal supplies and he typically has access to a computer for an hour at a time. *Id*. Plaintiff has also failed to show that he will be irreparably harmed if an injunction is not issued. The regulation Plaintiff complains of was amended in June 2013, and Plaintiff has failed to show any reason that he will irreparably harmed if he is required to proceed through the typical procedure for challenging a prison regulation, including exhaustion of his administrative remedies.

Plaintiff has not shown that the balance of equities tips in his favor. As previously noted, the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel. supra*. Plaintiff has also failed to show that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' regulations where the record contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motion for a preliminary injunction regarding access to legal materials [Entry #52] be denied.

B.    Plaintiff's Motions for Entry of Default

Plaintiff moved for an entry of default against defendants Harris [Entry #42] and Ozmint [Entry #49]. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(1), a defendant must serve an answer or responsive pleading within 21 days after being served with the summons and complaint. Defendant Harris was served with the amended complaint on June 26, 2013 [Entry #29], and filed and served her answer on July 15, 2013 [Entry #32]. Defendant Ozmint was served with the amended complaint on July 23, 2013 [Entry #41], and filed and served his answer on August 13, 2013 [Entry #46].  Therefore, both Harris and Ozmint timely filed their responsive pleadings.

Plaintiff argues that Harris failed to provide a response to Plaintiff's first motion for a preliminary injunction [Entry #19] and should therefore be held in default. The Local Civil Rules of this court permit, but do not require, defendants to submit memoranda in opposition to motions. See Local Civil Rule 7.06 (D.S.C.). Therefore, Plaintiff's argument is unavailing, and the undersigned recommends Plaintiff's motions for an entry of default against Harris [Entry #42] and Ozmint [Entry #49] be denied.

II.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court deny the following motions of Plaintiff: (1) motions to be transferred [Entry #19, #56]; (2) motions for an order requiring certain PCI employees to take medical exams [Entry #38, #40]; (3) motion regarding prescription medicine [Entry #45]; (4) motion for a preliminary injunction related to legal materials [Entry #52]; and (5) motions for default judgment

against Harris [Entry #42] and Ozmint [Entry #49].

      IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 5, 2013                    Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).