| | |
|---|---|
| Trovon Acquarius Keith, ) | No. 1:13-cv-1131-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Larry Cartledge; Florence Mauney; ) | |
| Major Early; Rhonda Abston; Captain ) | |
| Degeorgis; Sergeant Eich; William R. ) | |
| Byars, Jr.; Jon Ozmint; and Ms. Harris, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") that this Court deny several motions filed by Plaintiff, (Dkt. Nos. 19, 38, 40, 42, 45, 49, 52, 56). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court and therefore denies these motions.

## Background

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was automatically referred to a Magistrate Judge for pretrial handling. Since commencing this action, Plaintiff has filed motions requesting transfer, (Dkt. Nos. 19, 56), for an order requiring Defendants to take medical exams, (Dkt. No. 38, 40), requesting that he be provided certain medication, (Dkt. No. 45), for a preliminary injunction relating to legal materials, (Dkt. No. 52), and for entry of default against Defendants Harris, (Dkt. No. 42), and Ozmint, (Dkt. No. 49). On September 5, 2013, the Magistrate Judge issued an R&R recommending the Court deny these motions. (Dkt. No. 59). Plaintiff then filed a motion for an extension of time to file objections,

1

(Dkt. No. 70), which the Court granted, (Dkt. No. 71). Plaintiff then filed objections within the extended period. (Dkt. No. 76).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**Discussion**

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should deny these motions. The Magistrate Judge accurately set forth the legal standard regarding preliminary injunctions and found Plaintiff could not satisfy that exacting standard. The Court agrees that Plaintiff's motions requesting injunctive relief should be denied. (Dkt. Nos. 19, 38, 40, 45, 52, 56). Plaintiff's objections relate only to his motions for transfer and for legal materials. (Dkt. No. 76). The Court finds these objections fail to show that Plaintiff would prevail on the merits regarding his motion for transfer because a prisoner has no constitutional right to be housed in a particular custody level. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 557 (D.S.C. 2008). Plaintiff's objections regarding his legal mail are also unavailing because he has not shown irreparable harm—his several motions have reached the Court and he has suffered no prejudice from any delay in the prison mailroom.

Finally, the Court agrees that Plaintiff is not entitled to entry of default as to Defendants Harris, (Dkt. No. 42), and Ozmint, (Dkt. No. 49), because these Defendants filed timely Answers.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 59). Accordingly, the Court DENIES Plaintiff's motions listed in the R&R. (Dkt. Nos. 19, 38, 40, 42, 45, 49, 52, 56).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 11, 2013
Charleston, South Carolina