IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, ) | C/A No.: 1:13-1131-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Larry Cartledge; Florence Mauney; ) | REPORT AND RECOMMENDATION |
| Major Early; Rhonda Abston; Captain ) | |
| Degeorgis; Sergeant Eich; William R. ) | |
| Byars Jr.; Jon Ozmint; and Ms. Harris, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Trovon Aquarius Keith, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI"). He sues the following current or former employees of the South Carolina Department of Corrections ("SCDC"): Larry Cartledge, Florence Mauney, Major Early, Rhonda Abston, Captain Degeorgis, Sergeant Eich, William R. Byars Jr., Jon Ozmint, and Ms. Harris ("Defendants").

This matter is before the court on Defendants' motion for summary judgment. [Entry #94]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #95]. This motion having been fully briefed [Entry #107], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #94] be granted.

I.      Factual Background

Plaintiff contends that Cartledge, Mauney, Early, and Abston violated his rights by assigning him to the Special Management Unit ("SMU") at PCI, despite knowledge that he is mentally ill. Specifically, Plaintiff complains about the following alleged conditions in the SMU: (1) he is housed with inmates who are not mentally ill, which he contends is in contrast to the housing in general population; (2) he is forced to speak with his mental health counselors around other PCI employees who are not mental health counselors; (3) he is denied recreation if he does not follow requirements "to keep [his] cell a certain way and stay dressed and etc.;" (4) he is not allowed to watch the nurses prepare his medicine as they pass it out; (5) he is not awaked during pill pass if he is sleeping;  and (6) he is denied access to newspapers, magazines, and/or a radio. [Entry #1 at 7–12].[1]

Plaintiff also alleges that Degeorgis and Eich confiscated his legal property in retaliation for his religious beliefs. *Id.* at 9-10. Plaintiff alleges that Byars and Ozmint have approved many of the prison policies allowing the alleged denial of his constitutional rights and also "have full knowledge of all the claims [] raised in this case." *Id.* at 11.

---

[1] Although Plaintiff asserts in his complaint that he was improperly searched and made to show his body parts to unidentified SCDC employees [Entry #1 at 10], neither Plaintiff nor Defendants address this claim in their summary judgment motion and response. Because this claim does not appear to be directed towards a party to this action, it has not been addressed.

2

Plaintiff seeks injunctive relief, monetary damages, and an order erasing all of his prior disciplinary charges resulting from his mental illness. *Id.* at 14, 19–20.

II. Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court

3

is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Housing Assignment/Conditions of Confinement

Plaintiff complains of his assignment to the SMU and about the conditions of confinement therein. Defendants argue that Plaintiff does not have a right to be placed in a particular cell or unit. [Entry #94-1 at 4–5]. Further, Mauney avers that Plaintiff is housed in the SMU because of his repeated sexual misconduct and disciplinary violations. [Entry #94-2 at ¶ 4].

The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994); *see also*, *Posey v. Dewalt*, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (stating that "[p]ut simply, petitioner has not stated a viable due process claim because he has no protected liberty interest in a particular classification within [Bureau of Prisons]"). "[A]n inmate's disagreement with [his custodial] classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To show a constitutional violation with respect to a custody classification, Plaintiff must show that the conditions of confinement exceed

4

the sentence imposed or create an atypical or significant hardship in violation of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995).

"The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *De'lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). To show a serious deprivation of a basic human need, a plaintiff must prove that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 842–44; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). Further, a plaintiff must demonstrate that he suffered a risk of serious or significant physical or mental injury as a result of the challenged condition. *Germain v. Shearin*, 531 Fed. Appx. 392, 395 (4th Cir. 2013).

Plaintiff has failed to show that the conditions about which he complains constitute the deprivation of a basic human need. Although housed in the SMU, Plaintiff has access to his mental health medications and counselors. Being housed with inmates who are not mentally ill does not rise to the level of a constitutional violation. Plaintiff also fails to

5

show that the denial of visitation or access to newspapers, magazines, and/or a radio rise to a level of a constitutional violation. *Harris v. Murray*, 761 F. Supp. 409, 412 (E.D. Va. 1990) and *Sandin*, 515 U.S. at 481 (holding that convicted prisoners do not have an inherent constitutional right to visitors); *Beard v. Banks*, 548 U.S. 521 (2006) (finding that a prison policy forbidding specially dangerous and recalcitrant inmates from possessing newspapers, magazines, and photographs was constitutional). Further, the Fourth Circuit has held that in order to sustain a § 1983 claim for lack of exercise, a plaintiff must produce evidence "that he has sustained a[] serious or significant physical or emotional injury as a result of these conditions." *Strickler*, 989 at 1381. Plaintiff has not alleged or provided evidence of physical or emotional injury related to a lack of exercise.

Because Plaintiff has failed to present any evidence that his placement in SMU amounted to a constitutional violation, the undersigned recommends that Defendants be granted summary judgment on this claim. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir. 1997) ("Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement.").

### 2. Medical Indifference

Plaintiff argues that PCI policy causes inmates to miss medication if they are sleeping during medication distribution. [Entry #1 at 7]. He also contends that he cannot observe what the nurse is doing with his medicine because PCI policy requires him to

stand at the rear of his cell during medication distribution. *Id.* Plaintiff alleges that he is being treated by inadequately-trained mental health staff and is forced to speak to his mental health counselor in front of untrained SCDC employees. *Id.* Defendants argue that Plaintiff has not shown that he has missed any medications, only that he is at risk of missing a dose. [Entry #94-1 at 6]. Defendants state that they have not been deliberately indifferent to Plaintiff's medical care and that Plaintiff has not produced any evidence of a serious or significant physical or emotional injury or demonstrated a substantial risk of serious harm. [Entry #94-1 at 7]. In response, Plaintiff contends that he did not receive his medication when he was asleep during medication distribution, and argues that he could become unstable or commit suicide if he misses a dose of his medication. [Entry #107 at 5]. Plaintiff also alleges that he went to medical several times for his physical and mental injuries. *Id.*

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and wanton infliction of pain." *Id.* at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

7

*Estelle*, 429 U.S. at 103–05 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation. *Id.*

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Although he attaches a copy of a grievance related to the referenced medication policy, Plaintiff has not shown that he was denied medication while he was sleeping during medication distribution. Instead, the grievance shows his medication was discontinued because he was hording his pills. [Entry # 107-2 at 10–11]. Plaintiff has not offered any evidence, other than his own conjecture or speculation, to show that he suffered any injury from Defendants' procedures for providing him medication. Nor has Plaintiff provided any evidence that PCI's mental health counselors are untrained or that

8

he has received inadequate mental health treatment. The undersigned recommends Defendants be granted summary judgment on Plaintiff's medical indifference claim.

### 3. Denial of Access to Courts/Legal Materials

Plaintiff also claims that Degeorgis and Eich interfered with his access to courts when they allegedly threw away two boxes of his legal materials because the boxes contained religious material. [Entry #1 at 9–10, 12]. Plaintiff argues that although he was told his legal material was turned over to the contraband department, he was later informed that the contraband department did not have his legal materials. *Id.* at 10. Defendants argue they are entitled to summary judgment on this claim because Plaintiff has not shown he missed any court deadlines or suffered any injury as a result of the alleged deprivation of his legal materials. [Entry #94-1 at 4–5]. In response, Plaintiff contends the confiscation of his legal materials resulted in his inability to fully prepare for his habeas case and petition for writ of certiorari in the United States Supreme Court. [Entry #107 at 4]. Plaintiff argues that he is injured because he now has to complete his ninety-year sentence. *Id.*

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present, and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996). To state a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Actual injury requires that the inmate demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. *Lewis*, 518 U.S. at 353.

Plaintiff attaches the orders denying his habeas action and petition for writ of certiorari [Entry # 107-2 at 24–51], but fails to show what legal materials were missing or how that material would have resulted in his post-conviction actions being granted. Plaintiff's allegations are insufficient to establish that a non-frivolous post-conviction action was frustrated or impeded, and therefore it is recommended that Defendants' summary judgment motion be granted on Plaintiff's court-access claim. *Cochran*, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

III.    Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment be granted [Entry #79] and this case be dismissed with prejudice.[2]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 9, 2014                                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] If the district judge accepts this recommendation, the remaining motions will be rendered moot: Plaintiff's Motion to Amend/Correct [Entry #35]; Plaintiff's Motion for Preliminary Injunction [Entry #61]; Plaintiff's Motions to Compel [Entry #64, #69], Plaintiff's Motion for Protective Order [Entry #83], and Plaintiff's Motion for all Defendants to take a lie detector test [Entry #84].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).