IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Trovon Keith, )
 )
    Plaintiff )   Civil Action No: 1:13-1131-RMG
 )
v. )   **ORDER**
 )
Larry Cartledge; Florence Mauney; Major Early; )
Rhonda Abston; Captain Degeorgis; Sergeant Eich; )
William R. Byars, Jr.; Jon Ozmint; and Ms. Harris, )
 )
    Defendants )

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss the case with prejudice. (Dkt. No. 108). For the reasons set forth below, the Court agrees with and ADOPTS the R & R. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 79) is GRANTED, and this case is DISMISSED.

## Background

Plaintiff, Trovon Keith, is a prisoner at Perry Correctional Institution ("PCI"). Plaintiff alleges that Defendants Cartledge, Mauney, Early and Abston violated his constitutional rights by placing him in the Special Management United ("SMU") despite knowledge that he is mentally ill and complains of specific conditions in the SMU.[1] (Dkt. No. 17-1 at 7-12). Plaintiff also alleges that Defendants Degeorgia and Eich confiscated his legal property and that Defendants Byars and Ozmint approved prison policies that allowed denial of his constitutional rights. (*Id.* at 9-11).

---

[1] Plaintiff's specific complaints about conditions in SMU are listed in the R & R. (Dkt. No. 108 at 2).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Magistrate Judge found that Plaintiff had failed to submit evidence that created a genuine issue of fact for trial on his claims. Plaintiff does not object to these findings by the Magistrate Judge but argues that his placement in SMU prevents him obtaining the evidence he needs and asks that the Court deny Defendants' motion under Rule 56(d). (Dtk. No. 113).

### A. Rule 56(d)

The Court may defer considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

2

justify its opposition." Fed. R. Civ. P. 56(d). To be successful on a Rule 56(d) request, a party must provide specific reasons why discovery was necessary and identify information that he believes would be adduced at discovery. *See Mercer v. Arc of Prince Georges Cnty., Inc.*, 532 Fed. App'x 392, 400 (4th Cir. 2013). "[W]here the nonmoving party has not had the opportunity to discover information that is essential to his opposition," the motion for summary judgment should be denied or deferred. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). However, if the nonmoving party has not been diligent in pursuing discovery or if additional discovery will not create a genuine issue of material fact, a Rule 56(d) motion is properly denied. *E.g., White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 n. 2 (4th Cir.2004); *Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir.1995)

Here, Plaintiff claims that he needs access to his medical/mental health records and agency procedures. (Dkt. No. 113-2). However, he does not explain why he did not request these records in discovery. Plaintiff served written interrogatories on all Defendants and promptly moved to compel responses when he did not receive responses from Defendants. (*See* Dkt. Nos. 64, 69). Plaintiff filed motions, which were denied, requesting that two of the defendants and other employees of SCDC be required to take physical and mental examinations and blood tests. (Dkt. Nos. 38, 40). He also filed a motion that all defendants be required to take a lie detector test. (Dkt. No. 84). Plaintiff was clearly capable of filing a motion to compel if Defendants refused to produce these documents in response to discovery requests. Plaintiff has not explained why he did not request these documents in discovery. Because Plaintiff has not been diligent in pursuing this discovery, his Rule 56(d) request is denied.[2]

---

[2] Furthermore, Plaintiff has failed to explain what information he hopes to gain from these records. It is not readily apparent that obtaining these records would create a genuine issue of material fact with regard to Plaintiff's claims.

## B. Merits

Plaintiff complains about particular conditions in the SMU, such as being denied access to newspapers, magazines, and/or a radio. However, the Court agrees that Plaintiff has failed to submit evidence that he suffered a serious deprivation of a basic human need or that prison officials were deliberately indifferent to such a deprivation.[3] With regard to a conditions of confinement claim, an inmate must "prove extreme deprivations of basic human needs or serious or significant pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009) (quotations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). The conditions of which Plaintiff complains simply do not rise to this level. Therefore, summary judgment is appropriate as to Plaintiff's conditions of confinement claim.

Plaintiff has also failed to submit evidence of a due process violation. Officer Mauney testifies that Plaintiff is housed in the SMU because of repeated sexual misconduct and multiple disciplinary violations. (Dkt. No. 94-2 at 2). Plaintiff has not alleged that he did not receive due process in the disciplinary proceedings that placed him in SMU. (*See* Dkt. No. 1).

Turning to Plaintiff's medical indifference claim, Plaintiff has not submitted evidence that his mental health counselors are untrained or that he is receiving inadequate mental health treatment. Plaintiff complains that if inmates are sleeping during medication distribution, they are not awakened and miss their medication. (Dkt. No. 107 at 5-6). However, he has not

---

[3] In his objections, Plaintiff cites *Williams v. Brimeyer*, 116 F.3d 351 (8th Cir. 1997). This case held that a blanket ban on religious materials in prison, without review of their individual content, would violate the First Amendment. *Id.* at 353. Here, Plaintiff has not made any allegations concerning religious material.

submitted any evidence that he has missed his medication due to this policy. Rather, the grievance form he submitted indicates that his medication was discontinued due to Plaintiff hoarding it. (Dkt. No. 107-2 at 11). Even assuming Plaintiff missed his medication on one occasion because he was asleep during distribution, Plaintiff has not submitted evidence that this resulted in an injury. The Court agrees that Plaintiff has not shown a serious medical need or that Defendants were deliberately indifferent to such a need. Therefore, summary judgment is appropriate.

Finally, the Court agrees that Plaintiff has failed to show any injury from the confiscation of his legal materials. Specifically, Plaintiff has failed to show that if he had those legal materials, they would have resulted in his habeas petition being granted. Thus, summary judgment is appropriate on this claim as well.

## Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 79) is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE.** All other pending motions are denied as moot.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 6, 2014
Charleston, South Carolina